UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL J SLAPINSKI,

   Plaintiff,

 v.

              Case No. 19-cv-1729-pp

STATE OF WISCONSIN,

   Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

On November 25, 2019, the plaintiff, who is representing himself, filed a complaint, dkt. no. 1, along with a motion to proceed without prepaying the filing fee, dkt. no. 2. The court finds that the plaintiff does not have the funds to pay the filing fee, but dismisses the complaint without prejudice for failure to state a claim.

**I.  Request to Proceed in District Court without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he has a monthly income of $2,275 from Social Security and/or the Veterans Administration.

1

Dkt. No. 2 at 3. It indicates that his spouse has no income. Id. Additionally, the plaintiff owns a 2012 Toyota Tacoma worth $20,000 and $5,000 worth of "music equipment." Id. at 2; Dkt. No. 2-1 at 1.

The request lists the following monthly expenses: $850 in rent; $127 in credit card payments; and $1,000 in other household expenses. Id. These numbers add up to $1,977, yet on page 2 of the request, the plaintiff says that he has $1,000 in total monthly expenses. Id. at 2. Under the Other Circumstances section, the plaintiff states that he's being re-evaluated by the VA to "see if [he's] qualified to handle [his] own finances." Dkt. No. 2-1 at 1. He also states that he recently was evicted and is staying in hotels until he can "get an attorney and/or handle [his] finances." Id.

While there are some discrepancies on the request form, it appears that the plaintiff receives $2,275.90 a month and has expenses of about $1,977 a month, leaving him with $298.90 a month. While this is more than some plaintiffs have, the court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure

2

8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The caption of the complaint says that the plaintiff is suing the State of Wisconsin. Dkt. No. 1 at 1. In the section titled "Statement of Claim," the plaintiff provides a list of entities: "1) Milwaukee County Legal System, 2) Wisconsin Dept of Veterans Affairs 3) Milwaukee Regional VA Fiduciary Hub (Paul Konkol) 4) State of Wisconsin USPS 5) Greenfield Police Department 6) Terrance Lamar Richardson." Id. at 2. On page 4 of the complaint, the plaintiff marked the box that said he was suing for a violation of federal law. Dkt. No. 1 at 4. For relief, he stated that he wants to have the Veterans Administration have him re-evaluated to regain control of his VA disability benefits, allow him to relocate to "one of the other states that the MKE Regional VA Fiduciary hub has jurisdiction over," and allow his VA fiduciary to pay his "legal representative (attorney)." Id. at 4.

The plaintiff does not explain what the State of Wisconsin did to him, or when, or where. He does not explain who Paul Konkol and Terrance Lamar Richardson are, or what they did to him. He does not explain what the Milwaukee County Legal System, the Wisconsin VA, or any of the other entities

3

he named did to him. He does not describe any injuries these people or entities caused him. He does not provide dates, or places, or describe events. He doesn't say why the VA won't let him have control of his disability benefits, or why he needs permission to relocate.

The plaintiff has not stated a claim for which a federal court can provide relief; he has not stated a claim for which *any* court can provide relief. The court will dismiss his complaint, but it will dismiss it without prejudice. That means that, if he believes that his rights have been violated or that laws have been broken, he may try again to file a case. If the plaintiff decides to try again, he must explain what each of the people or entities he wants to sue did to him, when they did it, where they did it, how they did it and why they did it, if he knows.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED without prejudice**. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 10th day of February, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**